■ GOLDIE M. FAIRBANK, Appellant, v CHARLES E. FAIRBANK, Respondent. — Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered March 31, 1980, which, *inter alia,* denied plaintiff's application for exclusive possession of the marital home. Plaintiff and defendant were married in 1944 and a default judgment of divorce was granted to plaintiff on February 27, 1980. The question of alimony and counsel fees was referred to Family Court. The record indicates that plaintiff and defendant have five emancipated children. Plaintiff wife has been a housewife since her marriage. She is unemployed and contends that she suffers from a bronchial condition which makes it impossible for her to work. Defendant husband secured a Santo Domingo divorce from plaintiff in 1975, which was declared null and void in 1980. Defendant has voluntarily paid plaintiff $200 a week support and has also paid the mortgage and taxes on the marital residence amounting to $312 a month, since their separation. In 1978, he reduced the support payments to $500 a month and continued the mortgage payments. The wife lives in the marital residence, valued by her at $65,000, with the consent of defendant husband. The husband has paid for repairs to the house and for some travel expenses of plaintiff since their separation. He continues to maintain a life insurance policy with plaintiff as his beneficiary. Plaintiff realized $6,200 from the sale of a Florida lot purchased by her husband for her. She also had a car purchased for her by her husband. Both own IBM stock jointly and the husband owns other IBM shares individually. The husband has remarried and currently contributes $309 a month to the support of his present wife. He also partially cares for an ailing, aged mother who resides with him. The husband is employed as an engineer with IBM and earns approximately $32,000 yearly. He also receives a pension from his military service from which he retired as a lieutenant colonel. The husband previously paid $750 to his wife's attorney for counsel fees in the marital action. She additionally paid her attorney $700 for his services. The court granted plaintiff $200 a week support, additional counsel fees of $350 for the Family Court proceeding and denied plaintiff exclusive occupancy of the marital residence. On appeal, plaintiff contends that the award of alimony to her was inadequate. We disagree. The trial court is in the best position to weigh and evaluate the equities existent between the husband and wife. On this record, we find that the court did not abuse its discretion. The grant of alimony is fair and reasonable under the existing

circumstances. Neither did the court abuse its discretion in denying to the wife exclusive occupancy of the marital residence. The home is the largest single asset of both husband and wife and both parties have equal entitlement to it where, as here, children are emancipated and no other special need was enunciated to justify an exclusive occupancy. Since no sale is being sought by either party and the husband is agreeable to the wife's continued occupancy, the denial of exclusive occupancy by the court was entirely appropriate. We find, too, that the award of counsel fees to plaintiff's attorney for the Family Court appearance was adequate in view of prior payments made by plaintiff and defendant to counsel for the plaintiff for the prosecution of the default marital action. Order affirmed, with costs. Sweeney, J.P., Main, Casey, Mikoll and Herlihy, JJ., concur.